IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUSTIN A. MUMM, | ) | 8:13CV284 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DARRELL F. BONAM, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Dustin Mumm ("Plaintiff") filed his Complaint in this matter on September 11, 2013. (Filing No. 1.) This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Douglas County Correctional Center in Omaha, Nebraska. (Filing No. 1 at CM/ECF p. 2.) He has sued Darrell Bonam ("Bonam"), an officer with the Omaha Police Department, for alleged violations of the Fourth Amendment. (*Id.*)

Plaintiff alleges that on July 21, 2013, he was involved in a domestic dispute with his girlfriend. At some point during this dispute, Plaintiff's girlfriend called the police. As Plaintiff was leaving the premises in his vehicle, the police arrived, and then a chase ensued. Eventually, Plaintiff abandoned his vehicle and fled the police on foot. After six blocks, Plaintiff "gave up running and laid on the ground on [his] stomach with [his] arms spread wide apart." (*Id.* at CM/ECF p. 5.) Plaintiff alleges that, once Bonam caught up to him, Bonam stated, "this is what I do to people who [] run from me." (*Id.* (expletive omitted).) Plaintiff alleges that Bonam then "fell down . . . with his knee directly on [Plaintiff's] spine with such force that [Plaintiff] defecated in [his] underwear." (*Id.*) Plaintiff alleges that Bonam weighs at least 230 pounds. (*Id.*)

Following Plaintiff's arrest, Plaintiff complained to Bonam that he was suffering from severe pain, and also that he had defecated on himself. Plaintiff sat in the police car and then at the police station for more than three hours with no shower and without receiving medical attention. Plaintiff was eventually taken to the hospital, where hospital staff determined that Plaintiff had suffered two broken vertebrae and injuries to his kidney. (*Id.* at CM/ECF p. 6.) As relief for his "broken vertebrae . . . , bruising, plus an elbow injury, kidney injury, and humiliation," Plaintiff seeks one million dollars, payment of present and future medical bills, and attorney fees. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the

alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

Plaintiff filed his Complaint against an officer of the Omaha Police Department. When a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. . . . Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.*  These rules have been consistently applied to municipal defendants.  *See, e.g., Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson*, 172 F.3d at 535 (assuming official capacity only claims and affirming grant of summary judgment in favor of county sheriffs).  Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Id.*

Here, Plaintiff did not specify the capacity in which Bonam is sued.  Therefore, as set forth above, the court assumes that he is sued in his official capacity only.  Plaintiff's claims against Bonam in his official capacity are claims against his employer, the City of Omaha, Nebraska.

A municipality may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights.  *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of*

3

*Soc. Servs.*, 436 U.S. 658, 694 (1978)).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.   *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:

> 1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

> 2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

> 3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of Omaha or its employees, or that the City of Omaha's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct on the part of Defendant.  In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries.  Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard.

On the court's own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against the City of Omaha in accordance with the *Jane Doe* standard.   Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If

Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

In addition, in light of the serious nature of Plaintiff's allegations, and because it is not clear whether this suit has been brought against Bonam in his official or individual capacity, the court will give Plaintiff 30 days from the date of this Memorandum and Order to allege in what capacity he is suing Bonam.  In other words, Plaintiff must allege whether he is suing Bonam in his official capacity, his individual capacity, or both.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint will result in dismissal of this matter without prejudice and without further notice.

2.      The clerk's office is directed to set a pro se case management deadline in this matter: January 3, 2014: Check for amended complaint.

DATED this 2nd day of December, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.